UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TROY LANDRY PRODUCTIONS, LLC** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | **NO.  6:12-cv-4** |
| **VERSUS** | * | |
| | * | |
| **HALPERN IMPORT COMPANY,** | * | **JUDGE** |
| **NATIONAL CAP AND SPORTSWEAR,** | * | |
| **INC., AND RIPPLE JUNCTION DESIGN CO** | * | |
| **Defendants** | * | **MAG.** |

**COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Troy Landry Productions, LLC, a Louisiana limited liability, who respectfully represents the following:

*Nature of the Action*

1.

This is a civil action for infringement of registered and unregistered trademarks under the Lanham Act; unfair competition under the Lanham Act; trademark infringement under state law; injury to business reputation under Louisiana law; unfair competition under state law; and requesting injunctive relief and damages.

*Parties*

2.

The Plaintiff, Troy Landry Productions, LLC, (hereinafter referred to as "Landry") is a Louisiana limited liability company, who principal place of business is in Pierre Part, Louisiana. Plaintiff owns unregistered and federally registered trademarks, which include, "Choot Em," "Tree Shaka," "Tree Breaka," and "Mudda Fricka."

3.

The Defendant, Halpern Import Company, (hereinafter referred to as "Halpern"), is a Georgia corporation, with its principal business at 2890 Amwiler Road, Atlanta, Georgia 30360. Landry is informed and believes, and on that basis, alleges, Halpern is soliciting business, executing contracts, licenses, and selling infringing goods in stores located within the boundaries defining the United States District Court for the Western District of Louisiana.

4.

The Defendant, National Cap and Sportswear, Inc., (hereinafter referred to as "National Cap"), is a Georgia corporation, with its principal business at 1101 Keen Drive, Waycross, Georgia 31503. Landry is informed and believes, and on that basis, alleges, National Cap is soliciting business, executing contracts, licenses, and selling infringing goods in stores located within the boundaries defining the United States District Court for the Western District of Louisiana.

5.

The Defendant, Ripple Junction Design Co. (hereinafter referred to as "Ripple"), is an Ohio corporation, with its principal business at 11529 Goldcoast Drive, Cincinnati, Ohio 45249. Landry is informed and believes, and on that basis, alleges, Ripple is soliciting business, executing contracts, licenses, and selling infringing goods in stores located within the boundaries defining the United States District Court for the Western District of Louisiana.

*Jurisdiction and Venue*

6.

This Court has jurisdiction over the subject matter of this Action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Section 1331, 1332(a), and 1338(a) and (b) of the Judicial Code, 28 U.S.C. § 1331, 1332(a), 1338(a) and 1338 (b). This Court has supplemental jurisdiction over Landry's state law claims under Section 1367 (a) of the Judicial Code, 28 U.S.C. § 1367(a).

7.

This Court also has diversity jurisdiction over the subject matter of this Action under Section 1332(a), 28 U.S.C. § 1332(a) and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 specified by 28 USC § 1332.

8.

Venue in this judicial district is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to Landry's claims against the Defendants, Halpern, National Cap, and Ripple, have occurred and are occurring in this district, which include soliciting distributors in this district to distribute and sell their infringing products.

*Background Facts*

9.

Plaintiff, Landry, is engaged in the business of manufacturing and selling merchandise, including, but not limited to, t-shirts, caps, sweat shirts, hoodies, and other novelty merchandise utilizing the trademarks "Choot Em," "Tree Shaka," "Tree Breaka," and "Mudda Fricka."

10.

Defendant, Halpern, is engaged in the business of selling merchandise, including, but not limited to, t-shirts, caps, sweat shirts, hoodies, and other novelty merchandise utilizing the trademarks "Choot Em," "Tree Shaka," "Tree Breaka," and "Mudda Fricka."

11.

Defendant, National Cap, is engaged in the business of selling merchandise, including, but not limited to, t-shirts, caps, sweat shirts, hoodies, and other novelty merchandise utilizing the trademarks "Choot Em," "Tree Shaka," "Tree Breaka," and "Mudda Fricka."

12.

Landry is informed and believes, and on that basis, alleges that National Cap may also be currently acting as an unauthorized sub-licensee for Halpern.

13.

Landry is informed and believes, and on that basis, alleges that a representative of National Cap and/or Halpern is soliciting business and executing contracts and licenses in the State of Louisiana, in particular with a company by the name of Church Point Wholesale, who principal place of business is in Church Point, Louisiana.

14.

Defendant, Ripple is engaged in the business of selling merchandise, including, but not limited to, t-shirts, caps, sweat shirts, hoodies, and other novelty merchandise utilizing the trademarks "Choot Em," "Tree Shaka," "Tree Breaka," and "Mudda Fricka."

15.

Since early 2010, Plaintiff has continuously used the trademark, "Choot Em," and has since developed and utilized the trademarks "Tree Shaka," "Tree Breaka," and "Mudda Fricka" (hereinafter referred to as the "trademarks" or "Landry trademarks") to identify its products. An example of Plaintiff's merchandise bearings its trademark is attached as Exhibit A-D.

16.

Plaintiff has sold, and is now extensively selling, products under the trademarks throughout all the states of the United States and throughout Canada, and has widely advertised and promoted its products under those marks. As a result of this long, continuous and extensive use, the trademarks have become widely and favorable known to the merchandise industry and to the public at large as products distinctive to Landry.

17.

Landry has invested substantial time, money, and effort to advertise and promote its trademarks since 2010.

18.

Landry has filed and is pursuing numerous state and federal trademark applications to register his designs in various forms and formats.

19.

Based on information and belief, in the intervening years, in violation of Plaintiff's rights in the Landry trademarks, Defendants established a series of businesses that utilized the Landry trademarks for their products. Such use was after the dates of first use by the Plaintiff in the Landry trademarks.

*Infringing Activities of Defendants*

20.

Subsequent to Landry's use of its trademarks, and with full knowledge of Landry's rights in the marks, Defendants, Halpern, National Cap, and Ripple, without Landry's consent, adopted and used the expressions/trademarks in connection with its merchandise, such terms being used on t-shirts and caps, and on displays used in direct association with their goods. An example of each of Defendant's infringing activities containing the complained of design is attached as Exhibit E.

21.

On information and belief, the business of Defendants is similar and move through similar channels of trade to similar classes of consumers as does the business offered by Landry. Landry, Halpern, National Cap, and Ripple are in direct competition with respect to the business of selling merchandise. The marks used by the Defendants are strikingly similar to and in some cases literal verbatim copies of the Landry trademarks.

22.

Defendants' merchandise are so similar to Landry's merchandise, bearing the use of the trademarks, as to be likely to cause confusion, mistake, or deception as to the source or origin of the Defendants' goods and services offered in that the public and others are likely to believe that Defendants' products are provided by, or sponsored by, or approved by, or licensed by, or affiliated with, or in some other way legitimately connected with Landry, all to Landry's irreparable harm.

23.

Defendants' use of the trademarks owned by Landry on its merchandise is a willful and wanton attempt by them to obtain the benefit of the goodwill and reputation that Landry has established in its registered trademarks and such use is likely to cause confusion, or to cause mistake, or to deceive.

24.

Defendants have sold, and are now selling or attempting to sell, merchandise, including t-shirts and caps, under the designation of the trademarks owned by Landry. The use of such trademarks by Defendants is without permission or authority of Landry and is likely to cause confusion, to cause mistake and to deceive.

25.

Defendants' acts constitute infringement of Landry's rights in its trademarks and the Defendant will continue such infringement unless enjoined by this Court.

26.

Plaintiff has no control over the quality of goods or services being offered by Defendants and, because of the confusion as to the source caused by Defendants, Plaintiff's valuable goodwill with respect to its trademarks are at the mercy of Defendants.

27.

The use by Defendants of the Landry trademarks on their products has caused and will cause confusion, mistake and deception of customers as to the source of origin of its goods or services.

28.

The use by Defendants of the Landry trademarks has resulted in dilution of the exclusive rights which Plaintiff formerly enjoyed in connection with its products in the sale of its goods, such dilution being to the detriment of Plaintiff.

29.

The infringement by Defendants has been willful deliberate, designed specifically to trade upon the goodwill associated with Plaintiff's name and trademarks.

30.

By reason of the aforesaid infringement, Defendants have caused an injury to Landry.

### *Claim I*
### *Trademark Infringement in Violation of Section 32 of the Lanham Act, 15 U.S.C. §1114*
### *Against Halpern, National Cap, and Ripple*

31.

Landry repeats and realleges each and every allegations contained in Paragraph 1 through 30 as if fully set forth herein.

32.

The trademarks used by Defendants in connection with their merchandise are so close to the Landry trademarks as to be virtually identical or a colorable simulation.

33.

The use by Defendants of the Landry trademarks is likely to cause confusion or mistake, and to deceive consumers as to the source, sponsorship or approval of the Defendants' goods, specifically, to cause consumers to believe that the Defendants' goods and services are sponsored by, affiliated with, approved by, or otherwise connection with Landry.

34.

Upon information and belief, Defendants chose to use the Landry trademarks with actual or constructive knowledge of the prior use of and rights in the Landry trademarks by Landry in connection with the manufacture and sell of merchandise. Upon information and belief, Defendants used its infringing marks in commerce with the intent to cause confusion or mistake or to deceive.

35.

The use by Defendants of the Landry trademarks is an infringement of the federally registered Landry trademarks as set forth in the Landry registrations, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36.

The conduct of Defendants has caused and is causing immediate and irreparable injury to Landry and thus Landry is entitled to injunctive relief to restrain this conduct by specific statutory authority and because the injury to the goodwill in its distinctive Landry trademarks cannot be adequately compensated in money.

### Count II
### *False Designation of Origin Under the Lanham Act*
### *Against Halpern, National Cap, and Ripple*

37.

Landry repeats and realleges each and every allegation contained in Paragraph 1 through 36 as if fully set forth herein.

38.

Defendants' use of the Landry trademarks constitutes false designation of origin which is likely to deceive and has deceived customers and prospective customers into believing that Defendants' goods are that of Plaintiff and, as a consequence, are likely to divert and have diverted customers away from Plaintiff.

39.

Plaintiff has no control over the nature and quality of the goods being offered by Defendants. Any failure, neglect or default by Defendants in providing such goods will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding reputation for high quality goods at a reasonable price. Such adverse reflection has resulted and will result in loss of sales by Plaintiff and the considerable expenditures by Plaintiff to promote its goods under its trademarks, all to the detriment of Plaintiff.

40.

Defendants' false designation of origin will continue unless enjoined by this Court.

### Count III
### Common Law Trademark Infringement Under the Lanham Act
### Against Halpern, National Cap, and Ripple

41.

Landry repeats and realleges each and every allegation contained in Paragraph 1 through 41 as if fully set forth herein.

42.

Plaintiff owns and uses the Landry trademarks in various forms and styles in connection with its goods, which marks have not, as yet, been registered in the United States Patent and Trademark Office.

43.

Plaintiff owns and enjoys common law rights in the State of Louisiana and throughout the United States in and to the Landry trademarks for goods, which are superior to any rights which Defendants may claim in or to said marks in any form or style with respect to the products.

44.

Use of the Landry trademarks in connection with Defendants' products is likely to cause and has caused confusion as to the source of Defendants' goods, in that purchasers thereof will likely associate, or have associated, such products with, and as originating from, Plaintiff, all to the detriment of Plaintiff.

45.

Defendants' common law infringement will continue unless enjoined by this Court.

### Count IV
### *Federal Unfair Competition Under the Lanham Act*
### *Against Halpern, National Cap, and Ripple*

46.

Landry repeats and realleges each and every allegation contained in Paragraph 1 through 45 as if fully set forth herein.

47.

As a result of Landry's widespread and extensive use of, and advertising and promotion under, its registered trademarks, such trademarks have developed and now has a distinctive meaning in the minds of the trade and public and has come to indicate to the trade and public the products of Landry.

48.

The use by Defendants of the Landry trademarks is a false designation of the origin and a false representation as to the origin of the goods and services of Defendants, is likely to cause confusion, mistake or deception as to the source of the Defendants' goods and services, and is likely to create the false impression that the Defendants' goods and services are authorized, sponsored, or endorsed, licensed by, or affiliated with Landry.

49.

The actions of Defendants in this complaint are unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Such acts will injure the business reputation of Landry and dilute or otherwise injure or destroy the distinctive character and quality of Landry's trademarks, all to Landry's substantial and irreparable harm.

50.

The acts of Defendants further constitute unfair competition with Landry in that these acts are calculated to result, and have resulted, in the unjust enrichment of Defendants since they avail to Defendants the benefit of Landry's valuable goodwill, all to Landry's great damage and detriment.

51.

The conduct of Defendants have cause and is causing immediate and irreparable injury to Landry and thus Landry is entitled to injunctive relief to restrain this conduct and because the injury to the goodwill of Landry's distinctive marks cannot be adequately compensated in money.

### Claim V
### Trademark Infringement Under Louisiana Law
### Against Halpern, National Cap, and Ripple

52.

Landry repeats and realleges each and every allegation contained in Paragraph 1 through 51 as if fully set forth herein.

53.

The unauthorized use by Defendants of the Landry's trademarks is an infringement in violation of the Louisiana trademark laws and Article 2315 of the Louisiana Civil Code, because it is likely to cause confusion and mistake and to deceive the public as to the source of these products.

### Claim VI
### Trademark Dilution Under Louisiana Law
### Against Halpern, National Cap, and Ripple

54.

Landry repeats and realleges each and every allegation contained in paragraph 1 through 53 as if fully set forth herein.

55.

Defendants' use and advertisement of their products under the Landry's trademarks are likely to injure the business reputation of Plaintiff and is likely to dilute the distinct quality of Plaintiff's name and product in violation of La. R.S. 51:223.1.

*Claim V*
*Injury to Business Reputation Under Louisiana Law*
*Against Halpern, National Cap, and Ripple*

56.

Landry repeats and realleges each and every allegation contained in paragraph 1 through 55 as if fully set forth herein.

57.

The unauthorized use by Defendants of the Landry trademarks is likely to injure the business reputation of Landry, in violation of La. R.S. 51:223.1 because it is likely to cause confusion and mistake and to deceive the public as to the source of these products.

*Claim VI*
*Unfair Competition Under Louisiana Law*

58.

Landry repeats and realleges each and every allegation contained in paragraph 1 through 57 as if fully set forth herein.

59.

By committing the acts hereinabove alleged, Defendants have been guilty of unfair competition, deceptive advertising and unfair trade practices in violation of La. R.S. 51:2231 and Articles 2315 of the Louisiana Civil Code. Such unfair competition has caused Plaintiff damage and loss of profits. Defendants' unlawful conduct will continue to damage Plaintiff unless enjoined by this Court and Plaintiff has no adequate remedy at law.

### *Demand For Jury Trial*

60.

Plaintiff hereby demands trial by a jury.

**WHEREFORE,** the Plaintiff, Troy Landry Productions, LLC, requests that the Court enter judgment:

1. Ordering that the Defendants, Halpern Import Company, National Cap and Sportswear, Inc., and Ripple Junction, their officers, directors, agents, servants, employees, attorneys, and any other persons in active concert or participation with them, be forthwith preliminary and permanently enjoined from:

    a. Using, alone or in combination, the name Landry trademarks, including, but not limited to, "Choot Em," "Tree Shaka," "Tree Breaka" and "Mudda Fricka" or any confusingly similar trademark, designation, description, or representation in the sale, distribution, marketing, advertising, or identification of Defendants' goods or services;

    b. Causing likelihood of confusion of the distinctiveness of Landry's trademarks;

  c. Contracting current or potential customers in connection with the Landry trademarks or any confusingly similar trademark, designation or description;

  d. Diluting the distinctive quality of the Landry trademarks;

  e. Injuring the business reputation of Troy Landry Productions, LLC or Landry trademarks;

  f. Otherwise infringing Landry's trademark or in unfair competition with the Landry in any manner whatsoever;

2. Ordering the Defendants to deliver for destruction all merchandise, signs, displays, advertisements, packaging, and any other materials in their possession or control, or in the possession or control of their agents, bearing the Landry trademarks;

3. Ordering the Defendants to provide an accounting for, and to pay over to Landry all gains, profits and advantages derived by them from their infringement and unfair competition;

4. Ordering the Defendants' to pay punitive damages;

5. Ordering the Defendants' to pay Landry its attorney's fees and costs in this suit;

6. Ordering the Defendants' to pay Landry pre- and post-judgment interest; and

7. That Landry have such other and further relief as the Court may deem just and proper.

         **RESPECTFULLY SUBMITTED:**
         **THE MAUGHAN LAW FIRM**

         s/   Roy H. Maughan, Jr.                    .
         **ROY H. MAUGHAN, JR., #17672**
         **NAMISHA D. PATEL, #31911**
         **634 CONNELL'S PARK LANE**
         **BATON ROUGE, LOUISIANA 70806**
         **TELEPHONE: (225) 926-8533**
         **FAX: (225) 926-8556**

*SERVICE AND CITATION INFORMATION ON FOLLOWING PAGE*

**PLEASE PREPARE THE FOLLOWING CITATIONS FOR SERVICE:**

Halpern Import Company
Through Its Registered Agent
Jay Halpern
2890 Amwiler Road
Atlanta, Georgia 30360

National Cap and Sportswear, Inc.
Through Its Registered Agent
Carey Stewart
1101 Keen Drive
Waycross, Georgia 31503

Ripple Junction Design Co.
Through Its Registered Agent
KMK Service Corp
One E Fourth Street
Cincinnati, Ohio 45202